IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU, | ) )  Case No. 7:24-cv-03206-DCC |
| Petitioner, | ) ) ) |
| v. | ) ) |
| PURPOSE FINANCIAL INC., | ) ) |
| Respondent. | ) ) ) |

**RESPONSE IN OPPOSITION TO PETITIONER CFPB'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Purpose Financial, Inc. ("Purpose") respectfully submits this Response in Opposition to the Consumer Financial Protection Bureau's ("CFPB's") Notice of Supplemental Authority, ECF No. 52 ("Notice"). For the reasons set forth below, the CFPB's Notice fails to provide relevant or persuasive supplemental authority.

**ARGUMENT**

*Texas v. Colony Ridge, Inc.,* No. H-24-0941 (S.D. Tex. Oct. 11, 2024), ECF No. 61, does not help the CFPB. That lawsuit was brought by the State of Texas under the Consumer Financial Protection Act, 12 U.S.C. § 5552. The CFPB was not even a party in that case, so the CFPB's funding had no bearing on Texas's lawsuit.[1] The defendants there suggested that the CFPB's lack of constitutional funding meant 12 U.S.C. § 5552 was effectively inoperative and that CFPB could not receive a "prerequisite . . . pre-suit notice," *Colony Ridge, Inc.,* No. H-24-0941 (S.D. Tex. Oct.

---

[1] The State of Texas is presumably not funded from the Federal Reserve's "combined earnings," 12 U.S.C. § 5497.

1

11, 2024), ECF No. 61 at 8. But a state's enforcement authority under a statute is not tied to separate agency funding, and the defendants failed to "explain how funding for, or the budget of, an agency is tied to its lawful ability to act," especially when considering "the CFPB" was "not require[d] . . . to take any action." *Id*. at 8–9. The CFPB also asserts here that the *Colony Ridge* magistrate judge found that the Supreme Court determined "that the CFPB is constitutionally funded" with lawful combined earnings. ECF No. 52 at 1–2 (citing *CFPB v. Consumer Financial Services Association of America, Ltd.* ("CFSA"), 601 U.S. 441 (2024)). This is simply wrong: whether the Federal Reserve currently has *sufficient* "combined earnings" available to transfer to the CFPB was not an issue that the Supreme Court decided in *CFSA*, 601 U.S. 441, even as it determined the CFPB's "funding is . . . subject to the requirements of the Appropriations Clause" because such money consisted of "surplus funds . . . otherwise to be deposited into the general fund of the Treasury," which strongly supports Purpose's position here.

Equally unhelpful to CFPB is *CFPB v. SoLo Funds, Inc.*, No. 2:24-cv-4108 (C.D. Cal. Oct. 17, 2024), ECF No. 54, in which the court never even reached the question as to the correct interpretation of 12 U.S.C. § 5497 and *CFSA*, 601 U.S. 441. Instead, the *SoLo* Court entered its decision on the sole basis that defendant "fail[ed] to cite any court that has dismissed a case on similar grounds" as its reason to avoid analysis. *SoLo Funds, Inc*., No. 2:24-cv-4108 (C.D. Cal. Oct. 17, 2024), ECF No. 54 at 3; *see also SoLo Funds, Inc*., No. 2:24-cv-4108 (C.D. Cal. Oct. 17, 2024), ECF No. 35-1 (Ex. 1) at 3–5 (not citing any authority for dismissal). Purpose, on the other hand, raises a constitutional issue and cites binding Fifth Circuit and Supreme Court authority and the Antideficiency Act, both of which require dismissal. Dkt.45-1 at 3–5, 13–14 (collecting cases).

## CONCLUSION

For these reasons, Purpose respectfully requests that the Court not consider the CFPB's Notice.

Dated: October 25, 2024                    Respectfully submitted,

*Counsel for Respondent Purpose Financial, Inc.*

s/Samuel W. Outten
Samuel W. Outten
Federal Bar No. 2943
Rayja N. Fowler
Federal Bar No. 14056
rayja.fowler@nelsonmulllins.com
2 West Washington Street, Suite 400
Greenville, SC 29601
(864) 373-2300
(864) 232-2925 facsimile


Stefanie H. Jackman, *admitted pro hac vice*
Sarah T. Reise, *admitted pro hac vice*
TROUTMAN PEPPER HAMILTON SANDERS LLP
600 Peachtree Street, N.E.
Suite 3000
Atlanta, GA 30308
Telephone: (404) 885-3000
stefanie.jackman@troutman.com
sarah.reise@troutman.com

3